**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOMEFRONT, INC.,

    Plaintiff,

    v.

CASHMERE CRAFTS, INC., et al.,

    Defendant.

_____/

No. C 05-0597 PJH

**ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

The motion of defendant Safdar Wani for an order vacating the default judgment came on for hearing before this court on December 7, 2005. Also before the court was the motion of plaintiff Homefront, Inc., for attorney's fees. Plaintiff appeared by its counsel Marc M. Gorelnik, and defendant Safdar Wani appeared by his counsel Kashif Haque. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby rules as follows and for the reasons stated at the hearing.

## INTRODUCTION

This is an action for copyright infringement and unfair competition. Homefront, Inc. ("Homefront"), is a seller, designer, and importer of rugs and other textiles, and owns copyrights in the textiles that bear its original designs. On February 9, 2005, Homefront filed suit against Cashmere Crafts, Inc. ("Cashmere Crafts"), Safdar Wani ("Wani"), and Cottage Arts Promotion ("Cottage Arts"), alleging that defendants had copied Homefront's designs and had sold products using the copyrighted designs without permission.

Default was entered as to Cashmere Crafts and Wani in May 2005. Homefront moved for default judgment and a permanent injunction as to those two defendants, and agreed to

dismiss Cottage Crafts from the case once the default judgment had been entered. On August 17, 2005, the motion for default judgment was heard and granted. Neither Cashmere Crafts nor Wani opposed the motion or appeared at the hearing. Cottage Crafts was dismissed from the case on August 18, 2005.

On September 16, 2005, Homefront filed a motion for attorney's fees and costs, noticing the hearing for October 26, 2005. Defendants did not file any opposition to the motion. On October 21, 2005, however, five days before the scheduled hearing, Wani filed a motion to vacate the default judgment, arguing that his failure to respond to the complaint was the result of mistake and excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1).

At the October 26, 2005, hearing, the motion for attorney's fees and costs was granted as to Cashmere Crafts, and was deferred as to Wani, pending resolution of his motion to vacate the default judgment.

**DISCUSSION**

A.   Defendant's Motion to Vacate the Default Judgment

Default judgments are disfavored, and cases should be decided on their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). A defendant seeking to set aside a default judgment normally must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The "good cause" standard that governs the vacating of a default judgment under Federal Rule of Civil Procedure 55(c) also governs the vacating of a default judgment under Rule 60(b). TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The relevant factors are (1) whether the defendant's culpable conduct led to the default, (2) whether the defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice the plaintiff. Id. (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). The party in default bears the burden of establishing that these factors militate in favor of vacating the default judgment. Id.

The three Falk factors are disjunctive – that is, a motion to set aside a default or vacate

a default judgment may be denied based on any one of them. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); see also Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (where a default judgment is entered as a result of a defendant's culpable conduct, court need not consider whether a meritorious defense was shown or whether the plaintiff would suffer prejudice if the judgment were set aside).

Wani argues that application of the Falk factors supports vacating the default judgment. He claims that he mistakenly believed that a responsive pleading had been filed. He asserts that he initially thought, based on his representations to Homefront's attorney Marc Gorelnik ("Gorelnik") that he had never violated any of Homefront's copyrights, that the matter had been resolved. He acknowledges that he was served with the summons and complaint on February 9, 2005. However, he claims that after Gorelnik told him that his answer to the complaint would be due on May 2, 2005, he retained attorney Eric Goodman ("Goodman") as counsel on April 27, 2005. He maintains that he was under the impression that "all necessary actions to be taken and paperwork to be filed would be handled" by Goodman, but claims that when a dispute regarding payment of the deposit arose between himself and Goodman on May 5, 2005, he then became aware that the answer had not been filed. He contends that before he could do anything else, Homefront filed the request to enter default on May 6, 2005.

Wani asserts that once the default had been entered, he mistakenly believed that there was nothing he could do to cure the default. He submits that as an immigrant, he has only limited understanding of the American legal system. He also asserts that he has a meritorious defense to this action – that he was merely a commissioned salesperson for Cashmere Crafts, and did not infringe any of Homefront's copyrights.

In opposition, Homefront argues that Wani cannot show that his conduct was excusable, and that he has not demonstrated that he has a meritorious defense. Homefront submits that if the court is inclined to grant the motion, it should still grant Homefront its requested fees and costs in order to avoid prejudice. Homefront also suggests that Wani has been less than candid in his representations to the court, and contends that Wani intentionally

3

chose not to respond to the complaint, despite being given numerous opportunities by Homefront to do so.

Homefront provides a detailed narrative of the events preceding and following the filing of the lawsuit. According to Homefront, it discovered Wani, operating through Cashmere Crafts, selling copies of Homefront's copyrighted works at the July 2004 San Francisco International Gift Fair. Homefront retained counsel, who sent Wani a demand letter on September 14, 2004. The demand letter listed certain Homefront product numbers, along with the corresponding infringing Cashmere Crafts' product numbers. The demand letter stated that Homefront would take legal action unless Cashmere Crafts cooperated by disclosing all existing infringements and agreeing not to infringe Homefront's designs in the future. Homefront requested a response no later than September 22, 2004.

According to Homefront's counsel, Mr. Gorelnik, Wani responded to the letter with a phone call, in which he refused to comply with Homefront's demands. Gorelnik states that Wani also indicated that he had a container-load of rugs bearing the disputed designs, ready for shipment from India, which he offered to sell to Homefront in lieu of selling them himself.

On January 12, 2005, Gorelnik wrote Wani on behalf of Homefront to remind him that the 2005 Gift Show was a month away, and to advise him that if Cashmere Crafts or any of its representatives displayed products with Homefront's designs at the Gift Show, Homefront would file suit for copyright infringement. Gorelnik also sent Wani a copy of the draft complaint.

Notwithstanding Homefront's efforts, Wani attended the Gift Show and displayed and offered for sale the allegedly infringing products. However, according to Homefront, Wani offered the goods under the name of Cottage Arts Promotion, not Cashmere Crafts. Homefront followed through with its threat to file suit, and Wani was served with the summons and complaint while at the Gift Show.

Wani then contacted Gorelnik by telephone. Wani stated that he did not know why he had been sued, and that he would need more time to respond to the complaint. Gorelnik advised Wani to seek advice of counsel. He also agreed to provide Wani with an additional

30 days to respond to the complaint (to March 31, 2005), and sent Wani a stipulation on February 23, 2005, for the signatures of all defendants.  In that letter, Gorelnik reiterated that defendants should retain counsel.  Wani signed the stipulation and returned it, but failed to obtain signatures for the other two defendants.

On April 20, 2005, Gorelnik wrote Wani on behalf of Homefront wrote Wani, noting that despite the fact that the answer to the complaint was due on March 31, 2005, Wani had filed no answer or other response.  Gorelnik advised Wani that Homefront intended to seek default.  Wani contacted Gorelnik on April 22, 2005, stating that he believed that the matter had been resolved by his signature on a document.  Gorelnik notes that the only document Wani had signed was the stipulation agreeing to file an answer by March 31, 2005.  Gorelnik wrote Wani yet another letter, stating that Homefront would move forward to seek the default, but that it would not file the papers until April 27, 2005, to give Wani a last opportunity to file an answer or to seek qualified counsel to request an extension from the court.

On April 27, 2005, Wani finally contacted counsel (Goodman), who in turn contacted Gorelnik.  Although the attorney-client representation had not yet been formalized, Goodman stated that he would confirm the representation the next day, and would advise whether Wani would agree to enter into a consent judgment.  However, Goodman did not respond as promised, and Gorelnik sent a reminder letter on April 29, 2005, requesting a response by May 2, 2005.

On May 3, 2005, Goodman wrote Gorelnik to advise that he had been retained by Wani, and that he expected to be retained by the other defendants shortly.  He also stated that, based on conversations with Wani, it appeared that the defendants might consider entering into a stipulated injunction concerning Homefront's copyrighted works.  He added that Wani's pursuit of an informal resolution of the case was contingent upon Homefront's agreeing to grant an extension for defendants to formally answer the complaint.

On May 4, 2005, Gorelnik responded that Homefront would not agree to any further extensions of time, although it would not be adverse to entering into an appropriate consent judgment and permanent injunction with Wani and the other defendants.  Also on May 4, 2005,

Homefront filed the request for entry of default as to Wani. On May 6, 2005, Homefront filed the request for entry of default as to Cashmere Crafts.

During the first week of May 2005, counsel for the parties met informally at the annual meeting of the International Trademark Association. Goodman indicated that Wani would agree to enter into a consent judgment, and asked Homefront to prepare the documents. Gorelnik transmitted a form of consent judgment to Goodman on June 10, 2005. In the cover letter, he noted that there was no monetary demand, but added that Homefront would not hesitate to seek its costs and fees should it become necessary to bring the matter before the court.

Homefront did not receive a prompt response to the draft consent judgment, and on June 21, 2005, Gorelnik sent Goodman a follow-up letter stating that it appeared that Goodman's clients were not interested in settling the matter, and requesting that Goodman call today if they were prepared to enter into a settlement. On June 22, 2005, another attorney from the Goodman Law Group (David Bernstein) wrote Gorelnik to say that the Goodman firm had forwarded the draft consent judgment to Wani for approval, and that he had requested a meeting with them to discuss it. The meeting was set for June 23, 2005.

Homefront heard nothing further following the supposed June 23 meeting, and so on June 29, 2005, filed its motion for default judgment as to Wani and Cashmere Crafts, noticing the hearing for August 17, 2005.

On July 8, 2005, Bernstein wrote to say that Wani had been "extremely busy of late," and had recently moved, and that the attorneys at the Goodman firm had been unable to discuss the proposed consent judgment with him until that very day. The letter also listed some "concerns" and "suggestions" regarding the language of the consent judgment. On July 12, 2005, Gorelnik responded that Homefront's June 10, 2005, letter had been clear that the alternative to settlement was a default judgment against Wani and Cashmere Crafts, along with a request to the court for recovery of fees and costs; and that the June 21, 2005, letter had reiterated Homefront's intention to seek entry of judgment and an award of fees in the absence of a settlement. Gorelnik added that Homefront had given defendants every

opportunity to resolve the matter early, and that there was no reason for Homefront to continue to indulge defendants.

None of the defendants appeared at the August 17, 2005, hearing on the motion for default judgment. Gorelnik forwarded a copy of the judgment to the Goodman firm on August 17, and advised Goodman that Wani had called him (Gorelnik) twice that day. Gorelnik reported that he had advised Wani that Homefront would be filing a motion for fees and costs, and that he was not comfortable with Wani contacting him directly, at which point Wani suggested he would be proceeding without counsel. Gorelnik then requested a statement that Goodman was no longer representing Wani. On August 18, 2005, Goodman wrote Gorelnik to advise him that the Goodman firm no longer represented Wani.

Homefront argues that the motion to vacate the default judgment should be denied because Wani cannot satisfy any of the three Falk factors. Homefront argues, first, that Wani's failure to respond to the complaint was willful and deliberate, and that he therefore cannot establish a lack of culpability. Homefront contends that it warned Wani on numerous occasions of his duty to respond to the complaint, that it delayed seeking the default and the default judgment in order to give Wani additional opportunities to respond or agree to the settlement, and that Wani cannot now claim that the failure to respond was some sort of "mistake."

Second, Homefront argues that Wani has failed to establish that he has a meritorious defense. Homefront contends that Wani has provided no specific exculpatory facts to support this claim, but rather has simply asserted that he didn't infringe Homefront's copyrights.

Third, Homefront submits that it has been prejudiced by Wani's conduct, as it has incurred almost $40,000 in fees and costs exclusive of the fees incurred in preparing and arguing the motion for attorneys' fees and in opposing the present motion to vacate the default judgment. Homefront claims that it is a small, family-run business, which lacks the resources to fund this litigation.

In reply, Wani reiterates that there is good cause to vacate the default judgment because it was the result of mistake, inadvertence, and excusable neglect, and not the result

of willful or deliberate behavior or bad faith; because he has valid defenses to the claims; and because Homefront will not be prejudiced if the motion is granted, but rather will simply have to proceed through this litigation as it would have at the outset.

Wani maintains that he believed that the matter had been resolved until Gorelnik informed him on April 22, 2005, that the matter was not resolved and that he should seek legal counsel. He claims that he immediately retained Goodman, and that although Goodman wrote to Gorelnik on Wani's behalf on May 3, 2005, Gorelnik nonetheless filed for default the next day. He contends that there was a dispute with Goodman on May 5, 2005, concerning the deposit, and that he (Wani) mistakenly believed that because the default had been entered, there was nothing else he could do and that he had unequivocally lost the case. He claims that he received several "default related documents" from Homefront, but that he did not understand the nature of these documents and assumed that they were "normal default related documents" that he had no recourse against, until he received the notice of the motion for attorneys' fees.

Wani maintains that his actions do not constitute culpable conduct, because his failure to respond to the complaint was not "willful, deliberate, or evidence of bad faith – something more than mere negligence." He insists that he has tried throughout this case to negotiate and work with Homefront in good faith, and that for financial reasons, he truly wanted to resolve the matter informally. He repeats that when the default was entered, he thought he had lost the case and that he had no further recourse.

With regard to whether he has a meritorious defense, he asserts that he was merely "filling in" at the Cashmere Crafts booth, that he is not an employee or an officer or a shareholder of Cashmere Crafts, and is certainly not the "face" of Cashmere Crafts in the U.S. He also claims that it is "unsettled" whether the products that Cashmere Crafts was displaying at the trade show in San Francisco were in fact subject to plaintiff's copyrights. He maintains (now) that he "just wants to have his day in court."

Finally, Wani argues that Homefront will not be prejudiced if the court vacates the default judgment. He asserts that it is Homefront's burden to prove its case, and contends that

8

he should not be prejudiced by the fact that Homefront lacks the resources to prove its case (referring to Homefront's argument that it is a small, family-run company). Wani also contends that although Homefront contends that the financial burden of the case weighs on it, its actions speak otherwise – Wani maintains that Homefront "rebuffed" Wani's attempt to resolve this case informally when, on May 3, 2005, Wani communicated his desire for an informal resolution, only to have Homefront file for default on May 4, 2005.

He asserts that he wants only to have the case heard on the merits, and that it would be unjust for the court to hold him liable without hearing his side of the story.

The court finds that the motion must be DENIED. Although it is true that default judgments are disfavored, Wani has not met his burden of showing that the entry of default and the granting of the motion for default judgment were not the result of his own knowing failure to respond to the complaint. He has also failed to establish that he has a meritorious defense.

The Ninth Circuit has defined "culpable" conduct for Rule 60(b) purposes as conduct for which "there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." TCI, 244 F.3d at 698. A defendant's actions are "culpable" if he "has received actual or constructive notice of the filing of [an] action and intentionally failed to answer." Id. at 697 (citations and quotations omitted); see also Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), cert. denied, 125 S.Ct. 1704 (2005).

However, an "intentional" act is not simply one taken by an actor who knows what the likely consequence will be. TCI, 244 F.3d at 697. Rather, the act must reflect an intent to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. Because the burden lies with the party seeking to vacate the default judgment, he or she must present a "credible, good faith explanation" negating any such intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. Id. Thus, a "neglectful failure to answer" as to which the defendant offers such a "credible, good faith explanation" is not "intentional" and is therefore not necessarily culpable or inexcusable. TCI, 244 F.3d at 697-98.

Here, Wani argues that he "mistakenly" believed that the dispute had been resolved. He claims that when he finally learned in late April 2005 that he needed to file a responsive pleading, he obtained counsel, but Homefront went ahead and requested entry of the default on May 6, 2005. He contends that he did not act in bad faith, and that he did nothing after the default was entered because he mistakenly believed that he had unequivocally lost the case. However, Wani's version of events is not supported by the evidence provided by Homefront.

Wani was served with the summons and complaint on February 9, 2005. A summons issued by this court clearly states that the defendant has 20 days in which to answer or otherwise respond. On February 23, 2005, Homefront sent Wani a stipulation providing defendants with an additional 30 days (to March 31, 2005) to respond to the complaint. Wani signed the stipulation on February 28, 2005. The stipulation is short and simple, and Wani's protestation that he did not understand the legal issues involved (the need to file an answer) is not credible.

Wani did not file a responsive pleading by the March 31, 2005 deadline, and on April 20, 2005, Homefront wrote to tell him that it intended to seek a default. Homefront agreed to give Wani until April 27, 2005, to file an answer or to seek counsel to obtain an extension from the court. Wani finally obtained counsel on April 27, 2005 (although neither the scope of the representation nor the effective date are clear), but still no answer was filed and no extension requested from the court. After some exchange of communication between the lawyers, Homefront finally requested entry of default on May 6, 2005.

Under TCI, the question is whether Wani has provided a credible, good-faith explanation of his failure to answer the complaint. He has not. His claim that he thought the matter had been resolved is not credible in view of the fact that Homefront's counsel communicated with him on several occasions regarding the need to respond to the complaint, and in view of the fact that he signed a stipulation in which he agreed that he would have until March 31, 2005, to respond to the complaint. Thus, this factor supports denying the request to vacate the default judgment.

In order to justify an order setting aside a default, a defendant must "present the

district court with specific facts that would constitute a defense." Franchise Holding, 375 F.3d at 926 (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)).  Although this burden cannot be met by offering conclusory statements or general denials without supporting facts, id., it is not an extraordinarily high burden. TCI, 244 F.3d at 700.  Rather, the defendant need only allege sufficient facts or law to show that a legitimate defense exists. Id.  In this context, courts leave questions regarding the truth of any such factual allegations for a later stage in the litigation. Id. (citing Falk, 739 F.2d at 463).  Nevertheless, the Ninth Circuit has emphasized that "a mere general denial" without facts to support it is not enough to justify vacating a default judgment. Franchise Holding, 375 F.3d at 926 (citation and quotation omitted).

Here, Wani has offered only conclusory statements regarding his relationship with Cashmere Crafts – claiming that he was only "filling in" at the booth at the trade show, and that he was not an officer or employee of Cashmere Crafts – and also asserting that it is not clear that the products displayed at the show by Cashmere Crafts actually infringed Homefront's copyrights.  Wani has offered no facts showing that he has a legitimate defense to the copyright claims.  His relationship with Cashmere Crafts is not the issue here, as he is accused of copyright infringement independently of Cashmere Crafts.  Moreover, simply to assert that the accused products did not actually infringe Homefront's copyrights is far from providing facts that support a defense of non-infringement.  This factor also favors denying the motion to vacate the default judgment.

Finally, Homefront argues that it has been prejudiced by Wani's conduct, because it has incurred attorneys' fees and costs.  The type of prejudice that is contemplated by this three-part standard is the prejudice to the plaintiff that will result if a default judgment is vacated. TCI, 244 F.3d at 701.  Prejudice exists if a party's ability to pursue its claims is hindered. See Falk, 739 F.2d at 463.  However, to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. TCI, 244 F.3d at 701.  Only if a delay results in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion" is the delay considered prejudicial. Id. (citation and quotation omitted).  No prejudice exists simply because a party is

compelled to litigate its claims on the merits. Id.

Here, there is no evidence that Homefront would suffer any cognizable prejudice if the court vacates the default judgment. While Wani should have filed an answer or other responsive pleading to the complaint on time, his failure to do so has not hindered Homefront's ability to pursue its claim. Thus, this factor weighs in favor of vacating the default judgment.

As two of the three factors support denying the motion to vacate the default judgment, the court finds that the motion must be DENIED.

C.  Plaintiff's Motion for Attorney's Fees as to Wani

Homefront seeks an award of $37,161.00 in attorney's fees and $2,057.00 in costs, jointly and severally against Wani and Cashmere Crafts. Homefront argues that it is entitled to fees and costs under both the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. § 1117(a). Defendants filed no opposition to the motion – not before the hearing on the motion for default judgment, and not afterward.

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs . . . the court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Registration of a work prior to the infringement is a prerequisite for a plaintiff's recovery of fees and costs. 17 U.S.C. § 412.

The general rule is that upon default, all allegations in the complaint, except those relating to damages, are taken as true. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). The complaint lists eleven copyrighted works that Homefront has registered with the Copyright Office, and alleges that defendants sold or offered to sell products that infringed those registered copyrights. Homefront asserts that it is the prevailing party by virtue of having obtained a default judgment and a permanent injunction against defendants in this case.

Factors to be considered in awarding fees and costs under the Copyright Act include 1) the degree of success obtained, 2) frivolousness, 3) motivation, 4) the objective unreasonableness of the losing party's factual and legal arguments, and 5) the need, in

particular circumstances, to advance considerations of compensation and deterrence. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir. 1997). Homefront argues that it obtained complete success in this action, and that while defendants mounted no defense whatsoever, they did act unreasonably in multiplying Homefront's legal expenses. Homefront claims that an award of attorney's fees and costs will shift the burden to the infringing defendants, thereby compensating Homefront – the aggrieved copyright holder. Homefront also asserts and an award of fees and costs should deter future acts of infringement by defendants.

Under the Lanham Act, the court "in exceptional cases" may award reasonable attorney's fees to the prevailing party. 15 U.S.C. § 1117(a). Exceptional cases include cases in which "the infringement is malicious, fraudulent, deliberate, or willful." Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1042 (9th Cir. 2003) (citation omitted), cert. denied, 540 U.S. 111 (2004).

Homefront argues that an award of fees is appropriate under the Lanham Act because it has established, by virtue of prevailing in the motion for default judgment, that defendants acted deliberately, and that they counterfeited Homefront's designs with knowledge of Homefront's ownership, and passed the designs off as their own. Thus, Homefront asserts, this is an exceptional case.

At the October 26, 2005, hearing on the motion for default judgment, the court granted the motion for attorney's fees as to Cashmere Crafts as unopposed, but deferred the motion as to Wani, pending resolution of the motion to vacate the default judgment. Wani did not file an opposition to the fees motion, not before the October 26 hearing, and not with his papers in connection with the motion to vacate the default judgment.

At the December 7, 2005, hearing, counsel for Wani indicated that he had filed no written opposition to the motion because he had been retained after the due date for filing oppositions under the local rules of this court. He stated that Wani did oppose the motion, however, on the ground that the requested fees and costs were excessive.

The court finds that the motion must be GRANTED, because Homefront has

established entitlement to fees and costs under both the Copyright Act and the Lanham Act. The court finds further that the amount of fees requested is reasonable, in light of the extensive efforts made by counsel for Homefront to resolve the dispute quickly and expeditiously, which efforts were met by delays and obstruction on the part, in particular, of Wani. Homefront's counsel appears to have acted conscientiously and in good faith to avoid any prejudice to Wani, who at various times was unrepresented, warning him repeatedly that Homefront would request entry of default if defendants did not respond to the complaint, and permitting Wani several extensions of time to file a response.

## CONCLUSION

In accordance with the foregoing, the court DENIES the motion of defendant Safdar Wani for an order vacating the default judgment, and GRANTS the motion of plaintiff Homefront, Inc., for an award of $37,161.00 in attorney's fees and $2,057.00 in costs.

**IT IS SO ORDERED.**

Dated: December 12, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge